IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAYNE THOMAS,<br>an individual,<br><br>    Plaintiff,<br>v.<br><br>GESSNER HARWIN PROPERTIES, L.P.,<br>a Texas Limited Partnership,<br><br>    Defendant. | Case No.: 4:21-cv-1469 |

## COMPLAINT

Plaintiff, WAYNE THOMAS, through his undersigned counsel, hereby files this Complaint and sues GESSNER HARWIN PROPERTIES, L.P., a Texas Limited Partnership, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq.*, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendant's Property, which is the subject of this action, is located in Harris County, Texas.

3. Plaintiff, WAYNE THOMAS (hereinafter referred to as "MR. THOMAS" or "Plaintiff"), is a resident of the State of Texas in Harris County.

4. MR. THOMAS is a qualified individual with a disability under the ADA. MR.

THOMAS is paralyzed from the waist down. MR. THOMAS is a paraplegic and uses a wheelchair as his primary means of mobility.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6. Defendant, GESSNER HARWIN PROPERTIES, L.P., a Texas Limited Partnership (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas. Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," Gessner Harwin Plaza, generally located at 5895 Gessner Dr., Houston, Texas 77036.

7. All events giving rise to this lawsuit occurred in the Southern District of Texas.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9. The Property, a retail shopping plaza, is open to the public and provides goods and services to the public.

10. Plaintiff has visited the Property multiple times and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

11. During his most recent visit, MR. THOMAS experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint. Moreover, but for the inaccessible condition of the Property, Plaintiff would like to visit the Property more often.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to,

enjoy full and equal access to good and services offered at the Property, owned, leased, and/or operated by Defendant. Additionally, MR. THOMAS continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

    13.    Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

    A.    Plaintiff personally encountered inaccessible parking designated for disabled use throughout the Property due to excessive slopes and pavement in disrepair. Specifically, the designated parking space and access aisle in front of the Michoacan Seafood Restaurant has excessive slopes. Additionally, the designated parking space and access aisle adjacent to the Michoacan Seafood Restaurant is in total disrepair. Specifically, this designated accessible parking space is situated on top of a sewer grate and the access aisle contains pavement in severe disrepair, with large cracks, divots and excessive slopes. These conditions made it difficult for Plaintiff to safely park and transfer out of his vehicle, as well as increased his risk of fall;

    B.    Plaintiff personally encountered inaccessible parking throughout the Property due to obstructions in the designated access aisles. Specifically, the access aisle in front of Boost Mobile was obstructed with an

        inflatable moving advertising product and the access aisle in front of Club Vertigo improperly contained a ramp.  These conditions made it difficult for Plaintiff to safely park and transfer out of his vehicle, as well as increased his risk of fall;

    C.    Plaintiff personally encountered inaccessible parking throughout the Property due to lack of signage.  Specifically, there is no signage for the designated disabled parking space in front of H-Town.  This made it difficult for Plaintiff to identify the designated disabled parking areas;

    D.    Plaintiff personally encountered inaccessible curb ramps throughout the Property due to due to excessive slopes, excessively sloped side flares and pavement in disrepair.  These barriers made it difficult and unsafe for Plaintiff to maneuver over the ramps and increased his risk of fall; and

    E.    Plaintiff personally encountered an inaccessible route due to lack of curb ramp. Specifically, there is no curb ramp for disabled access adjacent to the disabled parking spaces next to Autozone, H-Town and Washeteria.  This made it impossible for Plaintiff, who has mobility issues, to gain access to the businesses located in this area of the Property.

    14.    Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

    15.    To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the

provisions of the ADA.

16.     Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.     Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendant.

18.     Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.     The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.  That the Court declare that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B.  That the Court enter an Order directing Defendant to alter its facility to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

C.  That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete

      corrective procedures;

D.     That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.     That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

By:   */s/ Louis I. Mussman*
Louis I. Mussman
Attorney-in-charge
S.D. TX No. 2274288
Ku & Mussman, P.A.
18501 Pines Boulevard, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954)686-3976
Louis@kumussman.com

and

John K. Grubb
Attorney
Local Counsel
State Bar No. 08553500
5000 Montrose Blvd., # 500
Houston, Texas 77006
Tel: (713) 702-1808
johnkgrubb@grubblegal.com

*Attorneys for Plaintiff*